| | |
|---|---|
| Ocwen Loan Servicing, LLC, | 2:17-cv-00279-JAD-GWF |
| Plaintiff | **Order Denying Motion to Lift Stay and Granting Countermotion to Extend Stay** |
| v. | |
| SFR Investments Pool 1, LLC, et al., | [ECF Nos. 27, 30] |
| Defendants | |

Ocwen Loan Servicing, LLC filed this action to challenge a homeowners association's (HOA's) non-judicial foreclosure sale of a home on which it held a first deed of trust, after the Nevada Supreme Court held in *SFR Investments Pool 1, LLC v. U.S. Bank* that an HOA's proper foreclosure under Nevada's statutory scheme "will extinguish a first deed of trust."[1]  When a federal-state split in the interpretation and effect of the statute arose, I stayed this case while the factions pursued a writ of certiorari from the U.S. Supreme Court.  Cert was denied, and Ocwen now moves to lift that stay.  But because an impending answer to a question certified to the Nevada Supreme Court may soon resolve this split, SFR opposes the motion and countermoves to extend the stay.  I deny the motion to lift the stay, grant the countermotion, and extend the stay pending the answer to the certified question.

## Background

In the decade since Las Vegas's real estate crash, lenders and investors have battled over the legal effect of an HOA's nonjudicial foreclosure of a superpriority lien on a lender's first trust deed.  After the Nevada Supreme Court held in *SFR* that a properly conducted foreclosure sale extinguishes a first-trust-deed interest, the banks' emphasis shifted to their constitutional challenge—they contend that the statute on its face violated their due process rights before it was

---

[1] *SFR Investments Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

amended in 2015 because it did not require HOAs to give notice to first-trust-deed holders. The Ninth Circuit panel in *Bourne Valley Court Trust v. Wells Fargo Bank* agreed.[2] The lynchpin of that holding is the panel's interpretation of Chapter 116's notice requirements: it found that the statute's scheme was an opt-in one that required notice of the foreclosure "only if the lender had affirmatively requested notice," expressly rejecting the notion that NRS Chapter 116 incorporated the notice rules from NRS 107.090 so foreclosing HOAs "were required to provide notice to mortgage lenders even absent a request."[3]

The Nevada Supreme Court expressly "declined to follow" *Bourne Valley* in *Saticoy Bay v. Wells Fargo* and held that "the Due Process Clauses of the United States and Nevada Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien."[4] But the *Saticoy Bay* decision turned on the absence of state action, so the court did "not determine whether NRS 116.3116 *et seq*. incorporates the notice requirements set forth in NRS 107.090."[5]

The *Bourne Valley* purchaser petitioned for a writ of certiorari in the United States Supreme Court to resolve the federal-state split, but cert was denied.[6] So, this court is now bound to follow *Bourne Valley* unless and until the Nevada Supreme Court indicates that the panel's interpretation of NRS 116.3116 was incorrect.[7]

That indication may be on its way. In accepting a certified question from Judge Boulware from this district, the Nevada Supreme Court has agreed to address the issue it shelved in *Saticoy*

---

[2] *Bourne Valley Ct. Trust v. Wells Fargo Bank*, __ F.3d __, 2016 WL 4254983, at *5 (9th Cir. Aug. 12, 2016).

[3] *Id*. at *1, 4.

[4] *Saticoy Bay v. Wells Fargo*, 388 P.3d 970, 974–75 & n.5 (2017).

[5] *Id*. at 974.

[6] *Bourne Valley Court Trust v. Wells Fargo Bank*, Case No. 16-1208 (cert. pet. denied 6/26/17).

[7] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 885 n.7 (9th Cir. 2000) (quoting *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)).

*Bay*:

> Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendments that took effect on October 1, 2015?[8]

Briefing is underway and is scheduled to be completed later this month. And if the footnotes in the Nevada Supreme Court's recent unpublished orders are any indication, the answer will likely be yes.[9] So, to save the parties from the need or inclination to invest resources further briefing the effect of *Bourne Valley* before the Nevada Supreme Court has answered this certified question, I deny Ocwen's motion to lift my prior stay,[10] grant SFR's countermotion,[11] and extend that stay of all proceedings in this case pending the answer to the certified question.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[12] When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the

---

[8] Nev. S. Ct. Case No. 72931 (Order Accepting Certified Question, Directing Briefing and Directing Submission of Filing Fee, filed June 13, 2017); *Bank of New York Mellon v. Star Hill Homeowners Association*, 2:16-cv-2561-RFB-PAL, ECF No. 41.

[9] *See, e.g., PNC Bank v. Saticoy Bay LLC Series 5633 Desert Creek*, Case No. 70909, at n.1 (Nev. Oct. 13, 2017) (unpublished) (noting that the court observed in *SFR* that NRS 116.31168 "incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary" and citing to the *Bourne Valley* dissent); *see also Premier One Holdings, Inc. v. Wells Fargo Bank*, Case No. 70638 (Nev. Jul. 11, 2017) (unpublished) (same).

[10] ECF Nos. 26 (order staying case pending cert petition); 27 (motion to lift stay).

[11] ECF No. 30.

[12] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[13]
Ocwen asks me to lift the stay because the petition for certiorari in *Bourne Valley* was denied.[14]
SFR opposes that motion and countermoves to extend the stay.[15]  I find that a *Landis* stay
remains appropriate here, so I deny the motion to lift stay and grant the countermotion to extend
it.

**A.      A stay will promote the orderly course of justice.**

At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the
competing arguments that the foreclosure sale either extinguished the bank's security interest or
had no legal effect because the statutory scheme violated the bank's due-process rights.  When a
federal right depends on the interpretation of state law as this due-process challenge does, the
federal courts must apply the interpretation of that law ascribed by the state's highest court.[16]
And when "the state's highest court has not adjudicated the issue, a federal court must make a
reasonable determination of the result the highest state court would reach if it were deciding the
case."[17]  But that determination is just an educated guess of how the state's highest court would
interpret its law.[18]  And a panel's prediction binds lower courts only "in the absence of any

---

[13] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[14] ECF No. 27.

[15] ECF No. 30.

[16] *Johnson v. Fankell*, 520 U.S. 911, 916 (1997) ("Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State"); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("Normally the construction of a state statute by the highest court of that state must be treated as if it had been incorporated into the words of the statute" because "[s]tate courts have the final authority to interpret and, where they see fit, to reinterpret that state's legislation"); *see also New York v. Ferber*, 458 U.S. 747, 767 (1982) (discussing the federal-state allocation of power for the separate tasks of interpreting state laws and assessing their constitutionality).

[17] *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993).

[18] *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203 (9th Cir. 2002).

subsequent indication" from the state's highest court that the panel's "interpretation was incorrect."[19]

For *Bourne Valley*'s interpretation of NRS 116.3116, that "subsequent indication" may be nigh. The Nevada Supreme Court's acceptance of a certified question about its foundational statutory interpretation leaves the continued viability of *Bourne Valley* uncertain. Because that answer—which may be dispositive of the central issues in this case—is imminent, it makes judicially economical sense to wait for it before making dispositive rulings in this case. Each time the jurisprudence in this area of unique Nevada law evolves, the parties in the scores of foreclosure-challenge actions pending in this courthouse file new motions or move to supplement the ones that they already have pending, often resulting in docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced. Staying this case pending the answer to the certified question will permit the parties to evaluate—and me to consider—the viability of the claims under the most complete authority. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

**B.      Hardship and inequity**

All parties face the prospect of hardship if I resolve the claims or issues in this case before the certified question is answered. A stay will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be wasted in the event that *Bourne Valley*'s interpretation is deemed incorrect by the Nevada Supreme Court.

**C.      Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be necessitated once the Nevada Supreme Court answers the certified question. So it is not clear to

---

[19] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 885 n.7 (9th Cir. 2000) (quoting *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983)).

me that extending this stay pending the answer to that question will ultimately lengthen the life of this case. I thus find that any possible damage that the extension of this stay may cause the parties is minimal.

**D.     The length of the stay is reasonable.**

Finally, I note that a stay of this case pending the anticipated answer to the certified question is expected to be reasonably short. Briefing is scheduled to be completed in just a couple of weeks. Because the length of this stay is directly tied to the certified-question proceeding, it is reasonably brief, and it is not indefinite.

### Conclusion

IT IS THEREFORE ORDERED that the Motion to Lift Stay **[ECF No. 27] is DENIED**, and the Countermotion to Continue the Current Stay **[ECF No. 30] is GRANTED**. **The STAY [ECF No. 26] is EXTENDED, and this case remains stayed for all purposes**.[20] Once the Nevada Supreme Court has answered the certified question in *Bank of New York Mellon v. Star Hill Homeowners Association*, 2:16-cv-2561-RFB-PAL/Nev. S. Ct. Case No. 72931, any party may move to lift this stay.

DATED: November 14, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[20] Except that this stay has no impact on any party's obligation to timely serve process and file proof of service.